UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM GIBBS, | : |
| | : |
|     Plaintiff, | : |
| | : |
| V. | :   CASE NO. 3:04-CV-1972(RNC) |
| | : |
| JOHN POTTER, POSTMASTER | : |
| GENERAL, U.S. POSTAL SERVICE, | : |
| | : |
|     Defendant. | : |

RULING AND ORDER

Plaintiff, an African-American, brings this action against his longtime employer, the U.S. Postal Service, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.("Title VII").[1]  Defendant has moved for summary judgment.  For the reasons that follow, the motion is granted.

I.  Legal Standard

Summary judgment may be granted if there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When the

---

[1] Plaintiff's amended complaint also includes claims pursuant to 42 U.S.C. §§ 1981 and 1983 as well as tort claims based on state law, but plaintiff has effectively withdrawn these claims. See Pl.'s Mem. In Opp. To Def.'s Mot. For Summ. J. at 22-23 (conceding that Title VII is the exclusive remedy available to plaintiff under federal law and that plaintiff has not exhausted administrative remedies under the Federal Tort Claims Act).  Accordingly, these claims are dismissed, leaving only the claim under Title VII.

parties' submissions in support of and opposition to a motion for summary judgment show the existence of a factual dispute, the court must decide whether the disputed issue of fact is material and, if so, whether the dispute is genuine. A factual dispute is material if it must be resolved in order to adjudicate an essential element of the claim that is the subject of the motion. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)(factual disputes preclude summary judgment only if they might affect the outcome of the suit under the governing law). A fact issue is genuine if the evidence in the record, viewed in a light most favorable to the nonmoving party, would permit a reasonable jury to decide in favor of that party. See id. Consistent with this standard, evidence favorable to the nonmoving party must be credited if a reasonable jury could credit it; evidence favorable to the moving party, on the other hand, must be disregarded unless a reasonable jury would have to credit it because it comes from a disinterested source and is uncontradicted and unimpeached. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-51 (2000)(discussing identical standard governing motion for judgment as a matter of law under Rule 50).

II. Background

The summary judgment record, viewed most favorably to the plaintiff, establishes the following facts for the purpose of

summary judgment.[2] On January 3, 2003, plaintiff was employed by the Postal Service as a manager at its Centralized Forwarding Service ("CFS") in North Haven. As a result of a snowstorm that day, he agreed to allow four employees to work eight hours of overtime, without applicable overtime compensation, in exchange for eight hours off the next day. Pursuant to this agreement, which was approved in advance by the employees' union representative, plaintiff allowed the employees to "clock out" at the end of their regular eight hour shift then continue to work for an additional eight hours. The next day, the four employees did not report for their regular eight hour shift as previously scheduled. In their absence, plaintiff entered "clock rings" for them making it appear that they worked an eight hour shift that day.

On January 6, 2003, plaintiff informed his immediate supervisor, Robert Kellaher, of the actions he had taken, explaining that he thought they were in the best interests of the Postal Service. Plaintiff's report to Kellaher resulted in an investigation. The investigation was conducted by a customer service supervisor, Sharon Files. On January 26, 2003, plaintiff provided a written statement in connection with the investigation.

---

[2] Most of the historical facts are undisputed, as shown by careful review of the parties' Local Rule 56 Statements.

On February 28, 2003, Kellaher gave plaintiff a letter notifying him that the Postal Service was proposing to demote him for falsifying payroll records. On March 5, 2003, plaintiff appealed the proposed demotion to the acting Postmaster in New Haven, Judith Martin. On March 7, 2003, he also contacted an Equal Employment Opportunity counselor with regard to the proposed discipline.

On March 10, 2003, Martin met with the plaintiff. She subsequently reduced the proposed discipline from a demotion to a fourteen-day, no-time-served suspension. This "paper suspension" entailed no loss of pay or benefits, and would be expunged from plaintiff's personnel file after one year. Soon after Martin imposed this suspension, plaintiff went on extended medical leave.

On April 18, 2003, plaintiff received a certified letter from Martin. The letter stated: "As a result of the recent CFS realignment, your position is no longer authorized. Effective Saturday, April 19, 2003, you are being temporarily assigned to the Federal Station. Your schedule will be 8:00 AM to 5:00 PM and your non-scheduled days will be Saturday and Sunday."

On June 5, 2003, plaintiff filed a formal EEO Complaint of Discrimination based on the fourteen-day suspension. The complaint asserted that other managers had made similar agreements with employees without incurring similar discipline.

The complaint did not include a claim based on the elimination of plaintiff's position as a manager of CFS.

On December 17, 2003, plaintiff received a merit performance evaluation of "unsatisfactory" for fiscal year 2003.

On June 22, 2004, plaintiff submitted an affidavit in connection with the EEO investigation of his formal complaint of discrimination. The affidavit asserted that plaintiff's position as a CFS manager had been eliminated in retaliation for his earlier EEO activity and that his unsatisfactory merit rating for fiscal year 2003 was discriminatory. On July 15, 2004, the EEO Compliance and Appeals Processing Center issued a written decision addressing these new claims. The decision stated that the new claims were sufficiently similar to the claim raised in the formal complaint to justify treating them as amendments to the complaint. The decision also stated, however, that the new claims were being dismissed. The claim based on the elimination of plaintiff's former position was dismissed because plaintiff had failed to include it in his formal complaint although he could have done so.[3] The claim based on the unsatisfactory rating was dismissed because plaintiff had failed to contact an EEO counselor within 45 days of receiving notice of the rating as

---

[3] Plaintiff specifically requested that the elimination of his position be addressed in mediation during the EEO counseling process, Def.'s Exh. 1, p. 65, rendering the complaint timely, but the subsequent formal complaint contained only the discrimination claim based on the suspension.

5

required by 29 C.F.R. § 1614.105(a)(1).

On September 20, 2004, Martin received paperwork indicating that plaintiff had been medically cleared to return to work. The next day, she called the plaintiff on his personal cell phone. She told him that he was being temporarily assigned to work in a supervisor's position at the main post office in New Haven at the same rate of pay he received as a CFS manager. In the Postal Service, supervisor is a lesser title than manager. Plaintiff was told to report to work at 4:00 a.m. on September 23, 2004.

On September 23, 2004, plaintiff reported to work at 8:00 a.m. Martin met with him, discussed the details of his new job, and informed him that she was assigning another supervisor to provide him with training. At 1:00 p.m., plaintiff left for the day. That evening, he received a letter from Martin informing him that his days off would no longer be consecutive, as they had been in the past. The next day, plaintiff called in sick. Since then, he has not returned to work at the Postal Service.

On September 30, 2004, the Postal Service issued a final decision regarding plaintiff's formal EEO Complaint of Discrimination based on the fourteen-day suspension. The decision rejected plaintiff's claim on the grounds that there was no evidence of disparate treatment, nor any evidence that the reasons given for the suspension were a pretext for discrimination.

On November 21, 2004, plaintiff submitted another formal EEO Complaint of Discrimination. The complaint alleged that plaintiff had been contacted on his cell phone on September 21, 2004, and questioned about his duty status; that his days off had been changed on September 23, 2004, from Saturday and Sunday to Wednesday and Sunday; that he had been removed on September 23, 2004, from his manager's position at CFS and demoted to a supervisor's position in New Haven; and that a paycheck he received on September 28, 2004, was short one hour. The complaint asserted that these actions were taken because of his race and in retaliation for his earlier complaints opposing discrimination.

III. Discussion

A. Procedural Posture

Plaintiff's suit alleges that the following actions by the Postal Service violate Title VII: (1) disciplining him more harshly than necessary for the events of January 3-4, 2004; (2) eliminating his position as a manager at CFS in North Haven; (3) giving him an unsatisfactory rating for fiscal year 2003; (4) assigning him to an undesirable position at the main post office in New Haven, which carried the lesser title of supervisor; (5) changing his work schedule to deprive him of consecutive days off, which he had traditionally enjoyed; (6) and failing to pay

7

him for one hour that he worked on September 23, 2004.[4]

Only the first of these claims (i.e. the one based on the fourteen-day suspension) is administratively exhausted. The job abolishment claim was determined by the EEO to have been abandoned when it was omitted from plaintiff's first formal EEO Complaint of Discrimination despite having been raised in the preceding EEO counseling process. See Zerrilli v. New York City Transit Auth., 162 F.3d 1149, *2 (2d Cir. 1998)(unpublished summary order)(retaliation claim unexhausted because plaintiff could readily have included denial of promotion in EEOC charge yet failed to do so). The claim based on the unsatisfactory rating was dismissed as untimely because plaintiff failed to initiate conduct with an EEO counselor within 45 days of the suspected discriminatory act. The other three claims (i.e. claims 4, 5 and 6 above, based on events in September 2004) were investigated pursuant to plaintiff's second official EEO complaint and plaintiff requested a hearing on these claims before an Administrative Judge. The record provides no indication that a hearing was held or that an administrative determination was reached with regard to these claims.

---

[4] Plaintiff also complains that Martin retaliated against him by calling him on his personal cell phone to question him about his duty status. At most, the call constitutes a "trivial" harm, which does not support a retaliation claim. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68-69 (2006).

The "exhaustion requirement is an essential element of Title VII's statutory scheme." Butts v. The City of New York Dept. of Housing Preservation and Development, 990 F.2d 1397, 1401 (2d Cir. 1993). However, the only objection defendant has raised with regard to exhaustion concerns plaintiff's failure to exhaust the claim based on the performance rating. Defendant has not objected to plaintiff's failure to exhaust any other claims. In the absence of objection, I will address the other claims on the merits. See Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000)(exhaustion requirement is subject to waiver).

B. Disparate Treatment

Plaintiff claims that the Postal Service discriminated on the basis of race in violation of Title VII when it suspended him for falsifying payroll records. To prevail on this claim, plaintiff has the burden of proving that nonminority employees who were similarly situated to him in all material respects were treated more favorably. See Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000). The "all material respects" standard requires plaintiff to prove that employees who engaged in conduct of comparable seriousness received less discipline. See id. at 40.

Defendant contends that summary judgment should be granted on this claim because plaintiff cannot carry his burden of proving that a similarly situated nonminority employee was

9

treated more favorably. I agree. Plaintiff compares himself to another Connecticut District Postal Service manager, James Jenson, who is white. On one occasion in 1994, Jenson required employees to continue working after the end of their shift in order to avoid understaffing due to bad weather. As a result of Jenson's decision, the employees filed a union grievance stating that they had been directed to work past their twelve hour daily limit and sixty hour work week. Jenson was never disciplined for his decision. Unlike the plaintiff, Jenson did not make an agreement with the employees to falsify their time records. Nor were any time records falsified. Thus, Jenson's conduct is not of comparable seriousness to plaintiff's. No reasonable jury could find otherwise.

Plaintiff identifies no other Postal Service manager in Connecticut who altered employee time records (or engaged in conduct of comparable seriousness) and received less discipline than his fourteen-day "paper suspension." Plaintiff alleges that the discipline he received supports an inference of discrimination because it was common for time to be entered for employees who worked on days for which they were not scheduled. This common practice never resulted in discipline according to plaintiff, much less discipline as severe as he received. However, plaintiff admits he falsified time records, a materially different action than entering hours for unscheduled employees

10

who actually worked the hours in question. As a result, this allegation does not support an inference of discrimination.

Plaintiff alleges that he was not interviewed during the investigation of his initial discrimination complaint although an interview was required by policy and practice. It is undisputed, however, that plaintiff had an opportunity to present his position orally and in writing before a final decision was made with regard to discipline. In his oral and written statements, plaintiff admitted engaging in the conduct at issue. Plaintiff offers no evidence that an earlier interview would have made a difference. Nor does he offer evidence that similarly situated, nonminority employees were treated differently. Accordingly, no reasonable jury could find that he was disciplined, or disciplined more harshly, because of his race.

Plaintiff also claims that his removal from his manager position was discriminatory. In support of this claim, he asserts that he was replaced by another Connecticut District Postal Service Manager, Edgar Nieves, who is Hispanic. Defendant responds that plaintiff's former position was eliminated. Defendant's explanation is supported by Nieves's deposition testimony. Nieves testified that for a period of time in July 2004, he helped manage a problem involving "delayed mail" at CFS while continuing to perform his regular managerial duties. See Nieves Dep. 31. Plaintiff offers no admissible evidence to rebut

11

defendant's explanation that his former position as a manager at CFS was in fact eliminated. Thus, plaintiff's claim that his former position was given to Nieves is properly dismissed.

C. Retaliation

Title VII prohibits employers from taking employment actions that discourage or punish attempts to complain about discrimination. The protection it affords against retaliation extends to employees who have "made a charge, testified, assisted, or participated in any manner in any investigation, proceeding or hearing under this title." 42 U.S.C. § 2000e-3(a). Adverse action taken by an employer after an employee has made a charge of discrimination can support a claim of retaliation if the employer's action "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Plaintiff contends that defendant retaliated against him for filing his EEO complaints by removing him as a CFS manager, assigning him to an undesirable position at the main post office in New Haven, depriving him of consecutive days off and failing to pay him for one hour's work.[5] Defendant responds that

---

[5] Plaintiff also claims that the unsatisfactory rating he received in December 2003 was motivated by retaliatory intent but defendant correctly objects that this claim has not been administratively exhausted.

12

plaintiff's former position was eliminated in a restructuring, that he was needed at the main post office, that he received non-consecutive days off due to operational constraints, and that he was not paid for the one hour because of a mistake concerning the number of hours he worked on September 23, 2004.

Defendant contends that it is entitled to summary judgment on these claims because plaintiff cannot carry his burden of proving that the defendants' stated reasons for the challenged actions are a pretext for retaliation. Here again, I agree.[6] Plaintiff asserts that his former position as a CFS manager was given to Nieves. As just discussed, plaintiff's assertion in this regard is unsupported. With regard to the other matters at issue, plaintiff offers no evidence that he was not needed at the main post office in New Haven, that he was not needed on Saturdays, or that he was docked one hour's pay for complaining about discrimination. In the absence of such evidence, a reasonable jury could not find that the challenged actions were a pretext for retaliation. Accordingly, summary judgment is

---

[6] Defendant also argues that the actions plaintiff complains about do not constitute adverse employment action. Viewing the record most favorably to the plaintiff, a jury could find that being assigned to the supervisor's position at the main post office and being deprived of consecutive days off might well dissuade a reasonable employee from making a discrimination claim. Accordingly, it is necessary to consider whether plaintiff can prove that the defendant's stated reasons for the challenged actions are a pretext for retaliation.

proper.

IV. Conclusion

For the foregoing reasons, defendant's motion for summary judgment [doc. # 31] is hereby granted.

So ordered this 22nd day of September 2008.


                                                      /s/ RNC
                                       Robert N. Chatigny
                                   United States District Judge